IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>STEVEN PAUL GARCIA,<br><br>                    Defendant. | CASE NO.  1:13-CR-00141 AWI<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government opposes the motion on the basis that the defendant was not sentenced pursuant to U.S.S.G. § 2D1.1 in the above-referenced case. Instead, the defendant was charged with and convicted of escape from custody in violation of 18 U.S.C. § 751(a). The sentence that the defendant served at the time of his escape was for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841 & 846. Although the Government did not address that offense, the sentence imposed is below the amended guideline range. As a result, the Court will deny the defendant's motion in reference to the above-listed case and E.D. Cal. Case No. 2:97-cr-00070.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, in this case, the defendant was convicted of escape and his sentence was determined with reference to U.S.S.G. § 2P1.1. Amendment 782 modified Section 2D1.1, applicable only to drug offenses. The sentencing guidelines set forth in U.S.S.G. § 2P1.1 have not been altered. *See* U.S.S.G. § 2P1.1 (2015). Therefore, the defendant is ineligible for relief in this case as he was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

In case number 2:97-cr-00070-DFL, the defendant pled guilty to Conspiracy to Manufacture Methamphetamine. In that case, the defendant was sentenced pursuant to Section 2D1.1. The methamphetamine laboratory involved in that offense was capable of producing approximately 5 pounds (or approximately 2.268 kilograms) of methamphetamine. Based on the sentencing guidelines applicable in the year 1995,[1] the Court calculated the base offense level at 32 because the defendant was responsible for more than one kilogram but less than three kilograms of methamphetamine. *See* U.S.S.G. § 2D1.1(c)(4) (1995). The Court applied a three-level downward departure for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a) & (b), for a total offense level of 29. The defendant's criminal history category was calculated at category III. The resulting sentencing range was 108 to 135 months. The sentencing court varied downward to impose a sentence of 84 months. *United States v. Garcia*, 2:97-cr-00070-DFL at Doc. 22 (E.D. Cal. Aug. 28, 1997). Applying sentencing guidelines as modified by Amendment 782, resulting in an offense level of 27 with a criminal history category of III, the Defendant's modified sentencing range is 87 to 108 months. Because the defendant was sentenced to a term of imprisonment that is below the modified sentencing range, the guidelines amendment does not result in a lower sentence range.

---

[1] The sentencing Court applied the 1995 edition of the *Guidelines Manual* in calculating the sentencing range.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d at 1155. In Section 1B1.10(b)(2)(A), the Commission, consistent with the statutory directive that it determine in what circumstances and by what amount to reduce the sentences of prisoners, makes clear that a sentencing court is not authorized to reduce a defendant's sentence below the bottom of the amended sentencing range. U.S.S.G. § 1B1.10(b)(2)(A) (stating with one exception not applicable here, that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range"). Because the sentence imposed is below the amended guideline range, the Court cannot grant Defendant's motion to reduce sentence.

Based on the foregoing, IT IS HEREBY ORDERED that the defendant's motion is denied.

IT IS SO ORDERED.

Dated:   April 8, 2016                                     /s/ signature

                                                        SENIOR  DISTRICT  JUDGE